IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:19-cv-02719-STA-jay |
| SHELIA G. WILLIS, TREVOR WILLIS, MARCIA ADAMS, MICHAEL HUGHES, VIRGINIA KING, and FUNERAL EXPRESS FUNDING, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION FOR DETERMINATION
## ORDER DENYING MOTION FOR BIRFUCATION

Before the Court is Defendants Trevor Willis, Marcia Adams, Michael Hughes, and Virginia King's Motion for Bifurcation (ECF No. 23) filed January 22, 2020, and Motion for the Court to Determine Conflict of Interest (ECF No. 25) filed January 23, 2020.[1] Defendant Shelia G. Willis has responded in opposition to the Motion for Bifurcation but has not responded to the Motion for Determination. For the reasons set forth below, both Motions are **DENIED**.

### BACKGROUND

Plaintiff Unum Life Insurance Company of America filed a Complaint in Interpleader (ECF No. 1) on October 23, 2019. Plaintiff provided a life insurance policy insuring Craig T. Willis as part of a group life insurance program through Mr. Willis's employer. (Compl. ¶ 12.) According to the

---

[1] Edgar Willis, who was not a named party in the original pleading, joins the Motions before the Court. On February 12, 2020, the Court granted Plaintiff Unum Life Insurance Company of America leave to file an amended complaint adding Edgar Willis as a Defendant who claims an interest in the contested life insurance proceeds. Unum has now filed its Amended Complaint (ECF No. 34) adding Edgar Willis as a Defendant.

1

Complaint, Mr. Willis and his wife Defendant Shelia G. Willis divorced in 2012. (*Id.* ¶ 14.) At the conclusion of the divorce proceedings, the Chancery Court for Madison County, Tennessee approved the couple's marital dissolution agreement as part of its final decree of divorce. (*Id*. ¶ 15.) The martial dissolution agreement addressed Mr. Willis's life insurance with Unum. The agreement stated that Ms. Willis was "currently named as the beneficiary of [the life insurance] policy and both parties agree that [Ms. Willis] shall remain as the beneficiary of this policy for as long as [Mr. Willis] has the policy." (*Id.* ¶ 14.) Craig T. Willis died June 20, 2019. (*Id*. ¶ 18.) Ms. Willis now claims an entitlement to the full amount of the proceeds of the life insurance based on the language of the marital dissolution agreement. However, at all times since the inception of the policy, the beneficiary designation forms filed with Unum assigned Ms. Willis a 50% share of the insurance proceeds and various shares to other family members of Mr. Willis, including Defendants Trevor Willis, Marcia Adams, Michael Hughes, Virginia King, and Edgar Willis.

The Court held a scheduling conference in this matter on January 9, 2020. Present at the conference were counsel for Ms. Willis as well as counsel for the other Defendants who claim an interest in the life insurance proceeds. Counsel for the other Defendants, Harold Johnson Esq., addressed the Court on his concerns about representing all of the other Defendants and the possible conflict of interest posed by their competing claims to such a joint representation. The Court did not take up the issue at the scheduling conference but directed counsel to confer with the Tennessee Board of Professional Responsibility. Defendants now raise the issue of counsel's possible conflict of interest in the Motions before the Court.

In their Motion for Bifurcation, Defendants ask the Court to bifurcate the trial in this matter to determine first whether Ms. Willis is entitled to the full amount of the disputed life insurance proceeds and only then proceed to consider whether any other Defendant is entitled to a share of the life insurance. If the Court decides that Ms. Willis is entitled to the full proceeds, then the Court will

not reach the question of whether any other Defendant should receive a share of the proceeds. Reading between the lines, the Motion implies that bifurcation will allow counsel to represent all of the claimants to the life insurance and that a possible conflict of interest would only ripen into an actual conflict once the Court has decided that Ms. Willis should receive only half of the proceeds. Ms. Willis opposes bifurcation on the grounds that the possibility of two trials would be duplicative and risk confusion of the issues.

In their Motion for Determination, Defendants seek a ruling from the Court as to whether counsel has a conflict of interest and, if so, whether the conflict requires him to withdraw from his representation of Defendants. Counsel explains in the Motion that he has had a longtime friendship and attorney-client relationship with Defendant Edgar Willis, the brother of the decedent and one of the individuals named as a beneficiary in one of the beneficiary designation forms filed with Unum. Counsel agreed to meet with Edgar Willis and the other Defendants Virginia Johnson, Trevor Willis, Marcia Adams, and Michael Hughes about the dispute over the proceeds to the life insurance. In a second meeting with the claimants, counsel disclosed to them that he might have a conflict of interest in representing all of them jointly and received their consent to continue in the representation. Consistent with instructions from the Court at the scheduling conference, counsel has also contacted the Tennessee Board of Professional Responsibility about a possible conflict of interest in continuing with a joint representation of all Defendants. According to the Motion, the Board advised counsel that his representation in this matter could raise a potential conflict. Counsel now requests that the Court make a determination about whether counsel should continue to represent all of the claimants. Should the Court grant Defendants' Motion for Bifurcation, counsel believes that the conflict will not require his withdrawal from the case. If the Court decides that Ms. Willis is entitled to the full proceeds, no other claimant will have any right to a share of the funds. If the Court decides that Ms.

Willis is entitled to only a half share, then the remaining parties "will be in a position to negotiate a settlement without further proceedings before the Court." Defs.' Mot. to Determine 3.

## ANALYSIS

The Court finds that Defendants' Motions are not well taken. The Court declines to decide whether counsel has a conflict of interest requiring withdrawal in this matter. Counsel has not cited any legal authority for the Court to make such a determination. A judicial ruling about professional conflicts of interest, actual or potential, would seem to be inconsistent with the emphasis the Tennessee Rules of Professional Conduct place on the self-regulating nature of the profession and an individual lawyer's "exercise of sensitive professional and moral judgment." *See* Tenn. Sup. Ct. R. 8, Preamble [10]. In other words, the decision about whether representation comports with a lawyer's ethical duties and professional responsibilities is left to the lawyer, not the Court. Therefore, the Court will not decide whether counsel has a conflict of interest in representing all of the other Defendants who claim an interest in the life insurance proceeds. The Motion for Determination is **DENIED**.

Likewise, Defendants have not shown good cause for the bifurcation of the proceedings in this case. Federal Rule of Civil Procedure 42 permits a district court to order separate trials of "one or more separate, issues, claims, crossclaims, counter-claims, or third-party claims" if separate proceedings will be more convenient, avoid prejudice, or "expedite and economize." Fed. R. Civ. P. 42(b). "In determining whether separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). Although bifurcation depends on the facts and circumstances of a case, *Saxio v. Titan–C–Mtg, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996),

courts typically bifurcate issues for separate trials when a threshold issue could be dispositive of the litigation. *In re Bendectin Litig.*, 857 F.2d 290, 309, 317 (6th Cir. 1988).

The Court does not find that a determination of Ms. Willis's proper share of the life insurance warrants bifurcation, at least not at this early juncture of the case. The question of bifurcation is highly fact dependent. But at this stage of the case, the Court has only the untested facts of the Complaint in Interpleader, and nothing else.[2] Without engaging in some fact discovery and then analyzing the facts under the correct legal standard, the parties themselves may not yet know whether bifurcation would be appropriate. The only real grounds for bifurcation offered by Defendants is counsel's potential conflict of interest. Other than to assert that the Court may be able to decide Ms. Willis's rights to the life insurance proceeds without reaching any other party's right to the proceeds, Defendants have not identified which questions of fact and law would need to be decided to arrive at that determination. So Defendants have not shown the Court what ground the first phase of a bifurcated proceeding would cover and, more important, why such a procedure would be a more efficient way to decide the case.

And Defendants have also not demonstrated which questions of fact and law would remain for the second phase of a bifurcated proceeding. Defendants simply assert that in the event the Court determines that Ms. Willis is entitled to only half of the proceeds, a second phase of the trial may be unnecessary. Defendants hypothesize that the remaining Defendants could reach a settlement to compromise their interests in the life insurance proceeds. While this may be true, it remains speculative at this point. In sum, without a more developed factual record and thorough analysis of the legal issues, Defendants have not shown how the Court can compartmentalize the issues, much

---

[2] Defendants suppose in their brief that one of the designation of beneficiary forms filed with Unum may not have Mr. Willis's actual signature. The Court notes this contention simply to illustrate that more discovery is needed to develop a more complete record.

less do so in such a way that would serve the interests of judicial economy or achieve greater convenience for the parties and witnesses.

## **CONCLUSION**

The Court declines to issue a ruling on counsel's possible conflict of interest. Defendants' Motion for Determination is therefore **DENIED**. At this early stage of the case, the Court is not well situated to decide whether the factual and legal issues of the case would weigh in favor of bifurcation. As a result, Defendants' Motion for Bifurcation must also be **DENIED**.

**IT IS SO ORDERED.**

                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON
                                            CHIEF UNITED STATES DISTRICT JUDGE

                                            Date: February 25, 2020.