IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:19-cv-02719-STA-jay |
| SHEILA G. WILLIS, TREVOR WILLIS, MARCIA ADAMS, MICHAEL HUGHES, VIRGINIA KING, EDGAR WILLIS, and FUNERAL EXPRESS FUNDING, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff Unum Life Insurance Company of America's Motion for Default Judgment (ECF No. 42) filed February 24, 2020. Defendants Shelia G. Willis, Trevor Willis, Marcia Adams, Michael Hughes, Virginia King, and Edgar Willis do not oppose the Motion. For the reasons set forth below, the Motion is **GRANTED**.

This is an interpleader action concerning the proceeds of a life insurance policy issued by Unum Life Insurance Company of America. Unum filed its Complaint in Interpleader on October 23, 2019. The Complaint, as amended (ECF No. 34), names as Defendants Sheila G. Willis, Trevor Willis, Marcia Adams, Michael Hughes, Virginia King, and Edgar Willis, who are all putative claimants to some or all of the life insurance proceeds. The pleadings also name Express Funeral Funding, LLC as a Defendant. According to the Complaint, Express Funeral Funding notifed Unum that it held "an Irrevocable Assignment to a portion of the life insurance proceeds at issue related to the Insured's funeral expenses." Compl. ¶ 8. More specifically, the Complaint alleges that "on or about July 11, 2019, Defendants Trevor Willis, Marcia Adams, Michael Hughes, and Virginia King

1

executed an 'Irrevocable Assignment and Power of Attorney' naming [Express Funeral Funding], through assignment from Dilday-Carter Funeral Home, as assignee of $10,961.41, 'plus statutory interest from the Insured's date of death,' to be paid from the Death Benefit." *Id.* ¶ 26. The Notice of Irrevocable Assignment and Beneficiary Power of Attorney on the Death Benefit is exhibit G to the Complaint. Unum alleges that Express Funeral Funding is therefore "a putative beneficiary of the life insurance proceeds at issue." *Id.* ¶ 8. Unum now seeks default judgment against Express Funeral Funding for its failure to appear and defend its claim.

Federal Rule of Civil Procedure 55(b)(2) permits a district court to enter default judgment against any party in default. Fed. R. Civ. P. 55(b)(2). Express Funeral Funding has been in default for over three months and has otherwise had ample notice of the dispute and its need to enter an appearance. Unum caused summons to issue as to Express Funeral Funding and served it with the summons and complaint on November 22, 2019, according to an affidavit of service (ECF No. 15). Express Funeral Funding had 21 days after that in which to file its responsive pleading. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). When Express Funeral Funding failed to answer, Unum filed a motion for entry of default, which the Clerk of Court granted on January 9, 2020. The same day, the Court held a scheduling conference with the parties. Krista Woolford, a manager with Express Funeral Funding, appeared at the conference by telephone. The Court explained to Ms. Woolford, however, that as a business organization, Express Funeral Funding could only act through counsel in federal court. Consequently, the Court instructed Ms. Woolford that she would not be permitted to participate in the scheduling conference. Since that time, Express Funeral Funding has taken no further action to appear in this action or have the entry of default set aside.

The Court concludes that default judgment against Express Funeral Funding is warranted at this juncture of the case. "A default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the

diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." 10A Wright & Miller, Fed. Practice & Proc. § 2681 (3d ed. 1998) (citing *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Express Funeral Funding has clearly been an unresponsive party to this point. Rather than delay the determination of the issues between Unum and the other parties to the dispute, the Court will grant default judgment against Express Funeral Funding. Therefore, Unum's Motion for Default Judgment is **GRANTED**.

    **IT IS SO ORDERED.**

                                             s/ S. Thomas Anderson
                                             S. THOMAS ANDERSON
                                             CHIEF UNITED STATES DISTRICT JUDGE

                                             Date: March 30, 2020