IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:19-cv-02719-STA-jay |
| SHEILA G. WILLIS, TREVOR WILLIS, MARCIA ADAMS, MICHAEL HUGHES, VIRGINIA KING, EDGAR WILLIS, and FUNERAL EXPRESS FUNDING, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

**ORDER GRANTING PLAINTIFF'S MOTION TO INTERPLEAD AND FOR DISMISSAL
ORDER TAKING REQUEST FOR ATTORNEY'S FEES UNDER ADVISEMENT**
_____

Before the Court is Plaintiff Unum Life Insurance Company of America's Motion to Interplead and for Dismissal (ECF No. 42) filed February 24, 2020. Defendant Sheila G. Willis and Defendants Trevor Willis, Marcia Adams, Michael Hughes, Virginia king, and Edgar Willis have filed separate responses in opposition to Unum's Motion. Unum has also filed a reply. For the reasons set forth below, the Motion to Interplead and for Dismissal is **GRANTED**. Unum's request for attorney's fees is taken under advisement.

## BACKGROUND

This is an interpleader action concerning the proceeds of a life insurance policy issued by Unum Life Insurance Company of America. Unum filed its Complaint in Interpleader on October 23, 2019. The Complaint, as amended (ECF No. 34), names as Defendants Sheila G. Willis, Trevor Willis, Marcia Adams, Michael Hughes, Virginia King, and Edgar Willis, all putative claimants to

1

some or all of the life insurance proceeds.[1] According to the Complaint, Unum issued a life insurance policy to Craig T. Willis through Mr. Willis's employer UGN, Inc. (Compl. ¶¶ 13, 14.) Mr. Willis passed away on June 20, 2019, thereby triggering Unum's obligation to pay basic life insurance benefits in the amount of $61,000 and supplemental life insurance benefits in the amount of $122,000. (*Id*. ¶¶ 19, 20.) Unum concedes that it is liable to pay the total death benefit of $183,000. (*Id.*) However, each individual Defendant claims some or all of the proceeds of the life insurance and contests the rights of the other individual Defendants to any share of the fund. Based on the factual premises, the Complaint in Interpleader alleges that Unum cannot determine factually or legally who is entitled to the proceeds. (*Id*. ¶ 31.) Unum "is ready, willing, and able to pay the Death Benefit, plus applicable claim interest, if any," to the party the Court designates. (*Id*. ¶ 33.) Unum alleges that it is merely a stakeholder and has no interest in the proceeds of the life insurance other than a recovery of its attorney's fees and costs in bringing this action. (*Id.*) So Unum asks the Court to decide which Defendant should receive the life insurance proceeds. (*Id.* ¶ 34.)

In its Motion to Interplead and for Dismissal, Unum now seeks permission from the Court to deposit the life insurance proceeds with the Court and an order dismissing it as a party to the action. Unum argues that allowing it to interplead the funds is proper in this case because Defendants have presented competing claims to the life insurance proceeds. First, the Court has jurisdiction over the dispute. Under 28 U.S.C. § 1331, the Court has federal question jurisdiction. The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 101 et seq. ("ERISA") governs the life insurance policy and its application. Unum also argues that the Court has jurisdiction under the Interpleader Act, 28 U.S.C. § 1335. Second, Unum has shown that it faces the possibility of multiple, inconsistent liabilities to the individual Defendants claiming an interest in the life insurance proceeds.

---

[1] The pleadings also name Express Funeral Funding, LLC as a Defendant. On March 30, 2020, the Court granted Unum's Motion for Default Judgment against Express Funeral Funding after the company failed to answer or enter an appearance.

Finally, allowing Unum to interplead the funds poses no other equitable concerns. No party has asserted that Unum has acted in bad faith. Unum has disclaimed any interest in the funds. Under the circumstances, interpleading the funds is appropriate, and the Court should dismiss Unum from the action.

The individual Defendants have responded in opposition to Unum's Motion. Defendants argue that dismissal of Unum is premature. The Court has not yet made a final determination of each of the factors necessary for the dismissal of a party invoking the interpleader statute: "whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." Defendant Sheila Willis has also propounded discovery on Unum, discovery to which Unum has not yet responded. As long as discovery is ongoing, the Court should not dismiss Unum as a party. Defendants oppose the dismissal of Unum for each of these reasons. In its reply, Unum answers that its Motion is a request for the Court to make the findings necessary for its dismissal. Unum also cites cases holding that an outstanding discovery request will not prevent the dismissal of a party invoking the interpleader statute. Therefore, the Court should proceed to decide whether the dismissal of Unum is warranted.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 22 permits a plaintiff to bring a single action and join as defendants "[p]ersons with claims that may expose a plaintiff to double or multiple liability" and require the defendants to interplead. Fed. R. Civ. P. 22(a)(1). An interpleader action is equitable in nature and "affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." 7 Wright *et al.*, *Federal Practice & Procedure* § 1704 (3d ed. 2001). Rule 22 is a procedural rule, not an independent source of jurisdiction, meaning a party

3

bringing an interpleader action still has the burden to show that Congress has conferred subject matter jurisdiction on district courts to decide the interpleader dispute. *Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997) (citing *Gelfgren v. Republic Nat'l Life Ins. Co.,* 680 F.2d 79, 81 (9th Cir. 1982)).

The Court holds that the dispute in this case arises under federal law and therefore the Court has jurisdiction by virtue of 28 U.S.C. § 1331. Unum's Complaint in Interpleader "concerns entitlement to benefits under a group life insurance plan," a plan that meets ERISA's definition of an "employee welfare benefit plan." Am. Compl. ¶ 10. Life insurance companies tasked with processing claims for benefits defined by an employee welfare benefit plan have standing to bring an ERISA action, including an interpleader action where the life insurance company cannot "safely determine the proper beneficiary of the benefits due." *Marsh*, 119 F.3d at 418 ("Under Section 502(a)(3)(B) of ERISA, 29 U.S.C. § 1132(a)(3)(B), interpleader is a form of 'appropriate equitable relief' available to a fiduciary."). Unum's Complaint falls squarely within this rule. Therefore, 28 U.S.C. § 1331 confers the Court with jurisdiction to decide who should receive the proceeds payable under the term of a life insurance plan covered by ERISA.[2]

---

[2] Congress has also granted district courts original jurisdiction under 28 U.S.C. § 1335 over "any civil interpleader action contesting a fund of $500 or more if two or more adverse claimants are of diverse citizenship." *Watson v. Cartee*, 817 F.3d 299, 303–04 (6th Cir. 2016) (citing 28 U.S.C. § 1335(a)–(a)(1)). Unum alleges in the alternative that the Court has jurisdiction under 28 U.S.C. § 1335. However, Unum's pleadings have not alleged enough facts to demonstrate to the Court that the requirements of § 1335 are met here.

For purposes of § 1335, complete diversity of citizenship among all the parties is not required, only that two or more claimants to the disputed fund are diverse. *State Farm Fire & Cas. Co. v. Tashire,* 386 U.S. 523, 530 (1967) (holding that § 1335 "require[s] only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens") (footnote omitted). Unum alleges that all of the individual Defendants named in this case are citizens of Tennessee and that Express Funeral Funding is a Delaware limited liability company with its principal place of business in Indiana. Am. Compl. ¶ 8.

But the Sixth Circuit has concluded that jurisdictional allegations of this sort regarding the citizenship of an LLC are "deficient." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1004–

4

The Sixth Circuit has observed that interpleader actions usually proceed in two stages. "During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (citing 7 Wright *et al.*, *supra*, at § 1714). "During the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial. *Id.* Unum's Motion now asks the Court to make a determination of the issues at the first stage of the interpleader process.

## **ANALYSIS**

The Court holds that Unum has met each requirement at the first stage of the case to show that it has properly invoked interpleader to resolve the dispute over the contested life insurance proceeds. First and for reasons the Court has already discussed, the Court undoubtedly has jurisdiction over the suit under 28 U.S.C. § 1331, because the case presents a question arising under federal law. Second, the Court finds that Unum is confronted with multiple, inconsistent claims to the same fund. The Sixth Circuit has described "whether the stakeholder legitimately fears multiple vexation directed against a single fund" as the "primary test for determining the propriety of interpleading the adverse

---

1005 (6th Cir. 2009) (holding that a notice of removal alleging diversity jurisdiction under § 1332 based on the fact that the LLC defendant was an LLC "organized under the laws of Illinois, with its principal place of business in Illinois" was "deficient" without information about the citizenship of each member of the LLC). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Id.* at 1005. The Court of Appeals has not addressed whether the same reasoning should apply to the minimal diversity requirement of § 1335. Assuming *arguendo* that it does, without particular allegations about the citizenship of each member of Express Funeral Funding, the Court cannot determine the company's citizenship or assess whether the Defendants are minimally diverse. Because the Court holds that it has jurisdiction over the dispute under 28 U.S.C. § 1331, the Court need not consider whether it also has jurisdiction under 28 U.S.C. § 1335.

5

claimants and discharging the stakeholder." *High Tech. Prods., Inc.*, 497 F.3d at 642 (quoting 7 Wright *et al.*, *supra*, at § 1704). Because each of the individual Defendants have separate and competing claims to the life insurance proceeds, Unum has a legitimate fear of multiple liabilities against the proceeds. And this much is undisputed among the parties. The Amended Complaint alleges, and each Defendant has admitted, that Unum is a "mere stakeholder . . . [and] has no interest" in the life insurance proceeds and that the Court should "determine to whom the Death Benefit should be paid." *See* Am. Compl. ¶ 31 (ECF No. 34); Def. S. Willis' Answer ¶ 33 ("Defendant admits that this court should determine to whom the Death Benefits should be paid . . . .") (ECF No. 37); Defs.' Answer ¶ 34 (ECF No. 41). The Court finds that Unum has therefore met this primary test for using the interpleader procedure.

Finally, there are no equitable concerns to prevent Unum's use of interpleader. The individual Defendants have raised concerns about Unum's participation in the discovery process. Defendant Sheila Willis has already propounded written discovery on Unum and has not yet received Unum's responses. However, discovery to aid the Court's determination of the merits of the dispute over the life insurance proceeds is a matter reserved for the second stage of the interpleader process. Unum has represented to the Court in its reply brief that it is in the process of responding to the discovery request. Furthermore, the parties have other discovery tools available if the Court dismisses Unum from the suit, for example, Rule 45 subpoenas. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii) (allowing subpoenas to compel a nonparty to "attend and testify" and "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control"); Fed. R. Civ. P. 30(b)(6) (describing the procedures for compelling a private, nonparty corporation to designate a person for deposition). The individual Defendants also object to an award of costs and attorney's fees for Unum. The Court considers the issue of Unum's request for costs and attorney's fees in more depth below. Suffice it to say, the Court can address the ancillary issue of attorney's

fees and still employ Rule 22's procedures for interpleader and without requiring Unum to remain as a party to the litigation. So the Court finds no equitable reason to prevent Unum from invoking interpleader as the best means to decide the dispute over the life insurance proceeds.

Having determined that Unum has properly invoked interpleader in this case, the Court finds good cause to discharge Unum. The Court discharges Unum from any and all further liability to Defendants that relates in any way to the plan and/or the death benefit upon payment of the death benefit into the Registry of this Court. Defendants will thereafter be required to litigate their claims between themselves for the death benefit. The Court permits Unum to pay into the registry of the Court the amount of $183,000, plus applicable claim interest, if any. Upon the payment of the proceeds into the registry of the Court, the Court will dismiss Unum with prejudice.

This just leaves the issue of Unum's request for costs and attorney's fees. "Neither Rule 22 nor the interpleader statute contains an express reference to costs or attorney's fees." 7 Wright *et al.*, *Federal Practice and Procedure: Civil* § 1719 (3d ed. 2001). The Sixth Circuit has recognized a federal court's discretion to award costs and attorney's fees to a stakeholder in an interpleader action, "whenever it is fair and equitable to do so." *Holmes v. Artists Rights Enforcement Corp. (AREC)*, 148 F. App'x 252, 259 (6th Cir. 2005) (citing 7 Wright *et al.*, *Federal Practice and Procedure: Civil* § 1719). The Court of Appeals has concluded that an interpleading stakeholder is entitled to recover costs and attorney's fees when (1) the stakeholder is disinterested, (2) it has conceded liability, (3) it has deposited the disputed funds into court, and (4) has requested a discharge from liability. *Id.* (citing *Septembertide Publ'g v. Stein & Day*, 884 F.2d 675 (2d Cir. 1989)). "The only limiting principle is reasonableness, and it is at the discretion of the Court to determine what award is appropriate." *Id*. (citing 7 Wright et al., *supra*, § 1719).

The Court finds that Unum's request for costs and attorney's fees is premature. While Unum has shown itself to be a disinterested stakeholder and conceded its liability, Unum has not yet

deposited the death benefit with the Court. Moreover, Unum has not specified what amount of costs and attorney's fees it seeks as part of its request. Without that information, the Court cannot assess the request for reasonableness. Under the circumstances, Unum is directed to proceed with depositing the funds with the Court. Once it has completed that process, Unum should then file a supplemental brief with supporting exhibits to provide additional details about its fee request. Defendants will have 14 days from the service of Unum's supplemental brief and exhibits in which to respond. The Court will then issue a decision on Unum's request for costs and attorney's fees.

## **CONCLUSION**

Unum's Motion is **GRANTED**. The Court permits Unum to pay into the registry of the Court the amount of $183,000, plus applicable claim interest, if any. The Clerk is directed to invest the funds in an interest-bearing account pending further orders from the Court. Upon the payment of the proceeds into the registry of the Court, the Court will dismiss Unum with prejudice and discharge it from any and all further liability to Defendants as it relates in any way to the plan and/or the death benefit. Defendants are hereby required to litigate their claims between themselves for the death benefit.

**IT IS SO ORDERED.**

                                    **s/ S. Thomas Anderson**
                                    S. THOMAS ANDERSON
                                    CHIEF UNITED STATES DISTRICT JUDGE

                                    Date:  April 10, 2020.