UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:19-cv-2719 |
| SHEILA G. WILLIS, TREVOR WILLIS, MARCIA ADAMS, MICHAEL HUGHES, VIRGINIA KING, EXPRESS FUNERAL FUNDING, LLC and EDGAR WILLIS, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES**
_____

Before the Court is Interpleader Plaintiff Unum Life Insurance Company of America's ("Unum Life") Supplemental Brief in Support of Plaintiff Unum Life Insurance Company of America's Request for Attorneys' Fees (ECF No. 60) and Sheila Willis's Response to Supplemental Brief Filed by Unum Life Insurance Company of America (ECF No. 61).

Unum Life has properly invoked interpleader and paid the full amount due under the Policy into the Court's registry. The Court finds that Unum Life has established the requirements under which an award of attorneys' fees and expenses may be granted. Unum Life is a (1) disinterested stakeholder (2) who has conceded liability, (3) deposited funds into the Court registry, and (4) has been discharged from liability by Order of April 10, 2020.

1

"Neither Rule 22 nor the interpleader statute contains an express reference to costs or attorney's fees." 7 Wright *et al.*, *Federal Practice and Procedure: Civil* § 1719 (3d ed. 2001). The Sixth Circuit has recognized a federal court's discretion to award costs and attorney's fees to a stakeholder in an interpleader action, "whenever it is fair and equitable to do so." *Holmes v. Artists Rights Enforcement Corp. (AREC)*, 148 F. App'x 252, 259 (6th Cir. 2005) (citing 7 Wright *et al.*, *Federal Practice and Procedure: Civil* § 1719). "The only limiting principle is reasonableness, and it is at the discretion of the Court to determine what award is appropriate." *Id.* (citing 7 Wright et al., *supra*, § 1719).

Defendant notes that disinterested stakeholder plaintiffs that bring necessary interpleader actions are entitled to reasonable attorney fees. *Mutual Life Ins. Co. v. Bondurant*, 27 F.2d 464, 465 (6th Cir. 1928). However, Defendant argues that the Court should deny Plaintiff's request for attorney fees consistent with the exceptions adopted in *Unum Life Ins. Co. of Am. v. Kelling*, 170 F. Supp. 2d 792, 794 (M.D. Tenn. 2001). The *Unum* court exceptions include, 1) that insurance companies should not be compensated merely because conflicting claims to proceeds have arisen during the normal course of business; 2) that insurance companies are, by definition, interested stakeholders, because filing the interpleader action immunizes them from further liability under the contested policy and therefore fall outside the general rule of entitlement to fees; and 3) the general policy argument that such an award would senselessly deplete the fund that is the subject of preservation through interpleader. *Id.* at 795.

Preliminarily, the Court notes that the cited *Unum* decision is not binding on this Court. This Court further believes that this case is readily distinguishable from *Unum*. The court in *Unum* was "troubled by the fact that, if awarded and coupled with her other legal expenses, Unum's request for attorney's fees would consume over 60% of…benefits." *Id.* at 796. The *Unum* court

noted that the fact that a judgment in favor of the insurer would essentially deplete the fund, together with the fact that the beneficiary of the fund was a minor child, made the equitable argument against awarding attorneys' fees strong. *Id*. In the instant case however, although Defendant argues that the life insurance policy fund will be depleted should the Court grant Plaintiff's motion for attorneys' fees, the Court determines that will not occur. The life insurance policy is in the amount of $183,000.00 and the fees requested amount to $12,811.50. As the Defendant writes in her Response, the requested attorneys' fees would consume about seven percent of the policy benefits, not depleting the fund by any means. The Court has further reviewed the fees and costs sought by Plaintiff and determined that they are reasonable.

Accordingly, for good cause shown, Unum Life's Motion shall be **GRANTED**. It is hereby **ORDERED** that

1) Unum Life shall receive $12,811.50 in attorneys' fees and costs billed in the above-captioned case;

2) the attorney's fees and expenses shall be paid from the death benefit funds deposited into the Court's registry upon Order of the Court dated April 10, 2020; and

3) the Court Clerk issue a check for $12,811.50 made payable to Unum Life Insurance Company of North America and mail the check to James T. Williams, Miller & Martin PLLC, 832 Georgia Avenue, Suite 1000, Chattanooga, Tennessee 37402.

ENTERED this the 28th day of September 2020.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE